IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VALLEY AIR SERVICE, INC.,                                    PLAINTIFF

VS.                              NO. 06-CV-00782

SOUTHAIRE, INC., *et al.*                                    DEFENDANTS

## CONSOLIDATED STATEMENT OF MATERIAL AND UNDISPUTED FACTS

Pursuant to local rule 56.1 separate defendants Central Flying Service ("CFS") and Mike Englert ("Englert"), Southaire, Inc. ("Southaire"), and Ed Brunner ("Brunner") state that the following facts are not in dispute and that these are the only facts material to the disposition of defendants' motions for summary judgment:

1.      This court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) & (b) because plaintiff Valley Air Service, Inc. ("Valley Air") is a corporation doing business in Illinois, defendant Southaire, Inc. ("Southaire") is a corporation doing business in Tennessee, and CFS is a corporation doing business in Arkansas.  The amount in controversy exceeds $75,000.

2.      CFS denies that personal jurisdiction over CFS is proper in this court for the reasons stated in CFS's motion to dismiss and brief in support filed July 20, 2006.[1]

3.      CFS denies that venue is proper in this court with regard to CFS because none of the events or omissions giving rise to Valley Air's claims against CFS occurred in Illinois.  28 U.S.C. § 1391(a)(2).

4.      Southaire and Valley Air signed a Letter of Intent to Purchase a 1983 Cesna Citation 550, serial no. 550-0478, registration no. N17WC on August 12, 2005.  (CFS

---

[1] CFS reserves its objections to personal jurisdiction and venue in this court, as raised in its motion to dismiss and brief in support filed on July 20, 2006.

Exhibit A, Letter of Intent to Purchase).  CFS was not a party to the Letter of Intent to Purchase.

5.      The Letter of Intent stated that the seller agreed to pay for the aircraft to undergo Phase I-V Inspections and preparedness inspections as per the Cessna Citation manual at CFS in Little Rock, Arkansas.  (CFS Exhibit A at ¶ 3)  The Letter of Intent also stated that the aircraft would undergo refurbishment of the paint and interior at CFS, Inc. and that CFS, Inc. would review all of the log books.  (*See* CFS Exhibit A at ¶¶ 5, 7).

6.      Later that month, representatives from Southaire and Valley Air signed an Aircraft Sale and Purchase Agreement.  (CFS Exhibit B, Aircraft Sale and Purchase Agreement). The Aircraft Sale and Purchase Agreement stated that the buyer's acceptance of the aircraft would depend upon a pre-purchase inspection and an "acceptance flight" performed by the buyer once the inspections and refurbishment of the aircraft had been completed.  (CFS Exhibit B at § 6.2(a)).  CFS was not a party to the Aircraft Sale and Purchase Agreement and did not have a copy of it until it was served with this lawsuit.  (CFS Exhibit B).

7.      CFS performed the inspections and refurbishment of the aircraft pursuant to a series of work orders placed by Southaire.  (CFS Exhibit C, CFS Invoices; CFS Exhibit D, Affidavit of Richard N. Holbert, at ¶ 14).  CFS did not have an additional contract with Southaire aside from the work orders, and the work orders contained no mention of Valley Air or any other third party.  (*Id*.)  All of the work that CFS performed on the aircraft was at the direction of Southaire.  (*Id*.)

8.      Valley Air was not a party to the agreement between CFS and Southaire. (CFS Exhibit C).  Valley Air had no contract with CFS of any sort.

9.      CFS is located in Little Rock, Arkansas, and is a corporation organized under the laws of Arkansas with its principal place of business in Little Rock, Arkansas. CFS is not registered to do business in Illinois.  (CFS Exhibit D at ¶¶ 3–4).

10.     All of CFS's work on the aircraft was performed in Arkansas.  (CFS Exhibit D at ¶ 20).

11.     Valley Air inspected the aircraft at CFS's facility in Arkansas.  (CFS Exhibit E, Relevant Excerpts from the Deposition of Michael Patrick, at 10).

12.     On October 11, 2005, Southaire delivered possession of the aircraft to Valley Air and Valley Air accepted the aircraft at closing in Arkansas.  (CFS Exhibit D at ¶ 21; Southaire Exhibit A, Aircraft Delivery Receipt; Southaire Exhibit B, Aircraft Acceptance Certificate).  Stephen Cosyns, Valley Air's president, signed both the Aircraft Delivery Receipt and the Aircraft Acceptance Certificate on behalf of Valley Air.  (CFS Exhibit F, Aircraft Delivery Receipt; Southaire Exhibit A; Southaire Exhibit B). The Aircraft Delivery Receipt stated that the aircraft was delivered by Southaire in Arkansas.  (CFS Exhibit F).

13.     Michael Patrick was Valley Air's Chief Pilot at the time the aircraft was delivered to Valley Air on October 11, 2005.  (*See* Southaire Exhibit C, Relevant excerpts from the deposition of Michael Patrick, at 6).

14.     Mr. Patrick looked over the aircraft on October 11, 2005, and the only discrepancy he fond was an inoperative landing light.  (Southaire Exhibit C at 8).

15.     Mr. Patrick piloted the aircraft back to Illinois after it was purchased on October 11, 2005 and found no discrepancies during that flight.  (Southaire Exhibit C at 11).

16.     Mr. Patrick flew the aircraft throughout the months of October and November 2005, including flights on October 19, 2005 and October 28, 2005 to Salt Lake City Utah.  (Southaire Exhibit C at 13-16).

17.     Each time Mr. Patrick flew the aircraft in October 2005 and November 2005, there were no discrepancies on the aircraft.  (Southaire Exhibit C at 13-16).

18.     In all the times that Mr. Patrick flew the aircraft, he never had a concern for the safety of the flight or for the safety of any passengers.  (Southaire Exhibit C at 26).

19.     In all the times that Mr. Patrick flew the aircraft, he never had a concern regarding the "airworthiness" of the aircraft.  (Southaire Exhibit C at 26-27).

20.     James F. Kennedy was the FAA Principal Maintenance Inspector for Valley Air in 2005.  (Southaire Exhibit D, Relevant excerpts from the deposition of James Kennedy, at 9).

21.     Mr. Kennedy inspected the aircraft in October 2005 after Valley Air took possession of the aircraft.  (Southaire Exhibit D at 14).

22.     Mr. Kennedy found the aircraft to be "airworthy," "free from defect," and "suitable for safe flight."  (Southaire Exhibit D at 32-34, 39).

23.     Had the aircraft contained any discrepancies claimed by Valley Air in this lawsuit, Mr. Kennedy would not have permitted the aircraft to be put in operation. (Southaire Exhibit D at 35, 38).

24.     Ed Brunner, Southaire's President, was not aware of any damage history to the aircraft.  (Southaire Exhibit E, Relevant excerpts from the Deposition of Edward Brunner, at 67-68).

Respectfully submitted,

**Central Flying Service, Inc., Mike Englert,
Southaire, Inc., and Ed Brunner**


/s/ Chad W. Main
One of its Attorneys

Chad Main (6288754)
MECKLER BULGER & TILSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7900—Telephone
(312) 474-7898—Facsimile

Charles T. Coleman (Ark. Bar No. 80030)
Kyle R. Wilson (Ark. Bar No. 89118)
Paul D. Morris (Ark. Bar No. 2001238)
WRIGHT, LINDSEY & JENNINGS, LLP
200 W. Capitol Ave., Suite 2300
Little Rock, Arkansas 72201
(501) 371-0808
FAX: (501) 376-9442
Attorneys for Defendants Central Flying Service, Inc. and Mike Englert

Mark D. Johnson
Victor J. Pioli
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
(312) 372-9819 (fax)
Firm I.D. No. 06347

Joseph M. Lamonaca
Law Offices of Joseph M. Lamonaca
127 Commons Court
Chadds Ford, PA 19317
(610) 558-3376
(610) 558-3292 (fax)
Attorneys for Defendant Southaire, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2009, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which shall send notification of such filing

to the following:

      Alan L. Farkas (afarkas@vfrlitigation.com)
      Michael S. McGrory (msmcgrory@vfrlitigation.com)

      Counsel for Valley Air

      and

      Mark D. Johnson (johnsonmd@jbltd.com)
      Victor J. Pioli (pioliv@jbltd.com)
      Joseph Michael Lamonaca (avlaw@prodigy.net)

      Counsel for Defendant Southaire, Inc.


      /s/ Chad W. Main