UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALLEY AIR SERVICE, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 06 cv 00782 |
| | ) Judge Blanche M. Manning |
| SOUTHAIRE, INC., *et al.*, | ) |
| Defendants. | ) |

**VALLEY AIR SERVICE'S RULE 49 MOTION FOR JUDGMENT
CONSISTENT WITH SPECIAL INTERROGATORIES
AND FOR A NEW TRIAL ON DAMAGES**

Plaintiff, Valley Air Service, Inc., for its Rule 49 Motion for Judgment Consistent with Special Interrogatories and for a New Trial on Damages, states as follows:

1. Rule 49(b)(3) states, "When the answers [to written questions] are consistent with each other but one or more is inconsistent with the general verdict, the court may: (A) approve, for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict; (B) direct the jury to further consider its answers and verdict; or (C) order a new trial."

2. The jury's answers to Special Interrogatories are inconsistent with the jury's finding in favor of Southaire and Brunner on Valley Air's fraud claim.

The jury found that Ed Brunner made the following false representations of material fact:

- The Aircraft had no damage history; and

- The Aircraft had never suffered any structural or corrosion damage, except as noted in the logbooks.

(Ex. 1, Special Interrogatories, IV through VI).

3. The jury also found that Valley Air reasonably believed and justifiably relied upon Brunner's statements, and that Brunner made false statements of material fact with the knowledge or belief that the statements were false, or with reckless disregard for whether the statements were true or false. (Ex. 1, Special Interrogatories, VII through VIII).

4. Despite the jury's answers to these Special Interrogatories, which establish each element of fraud, the jury went on to find in favor of Southaire and Brunner on Valley Air's fraud claim. (Ex. 2, Form of Verdict). In so doing, the jury never determined whether Southaire/Brunner's conduct was willful and wanton such that punitive damages would be appropriate.

5. The jury's Special Interrogatory answers and verdict on Valley Air's fraud claim are manifestly inconsistent and unreconcilable. Under Rule 49(b)(3), the Court may either enter judgment according to the answers (*i.e.*, enter

a finding in favor of Valley Air on its fraud claim) or order a new trial.[1] The most appropriate and efficient method of addressing the jury's inconsistent verdict is to enter judgment in favor of Valley Air on Valley Air's fraud claim, and order a new trial limited to damages only.[2]

WHEREFORE, Valley Air respectfully requests that this Honorable Court enter judgment in favor of Valley Air and against Southaire and Brunner on Valley Air's fraud claim and order a new trial limited to damages.

Respectfully submitted,

VALLEY AIR SERVICE, INC.

By:     /s Michael S. McGrory
One of Its Attorneys

Alan L. Farkas
Michael S. McGrory
Madsen, Farkas & Powen, LLC
20 S. Clark St., Suite 1050
Chicago, Illinois 60603
Phone: (312) 379-3444

---

[1] Rule 49(b)(3)(B) allows a court to also direct the jury to further consider its answers and verdicts, but the Court dismissed the jury before the Court announced the jury's answers to the Special Interrogatories. Thus, the relief provided under 49(b)(3)(B) is not available.

[2] The jury did find in favor of Valley Air on its breach of contract claim, and awarded compensatory damages there. However, as discussed in Valley Air's Motion for *Additur* or New Trial, the jury improperly disregarded proved elements of damages. Only a new trial on all damages (compensatory and punitive) would resolve these issues.