UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALLEY AIR SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 06 C 0782 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | |
| SOUTHAIRE, INC., | ) | Magistrate Judge Mason |
| CENTRAL FLYING SERVICE, INC., | ) | |
| EDWARD BRUNNER, and | ) | |
| WILLIAM ENGLERT, | ) | |
| | ) | |
| Defendants. | ) | |

## SOUTHAIRE, INC. AND ED BRUNNER'S MOTION FOR JUDGMENT CONSISTENT WITH SPECIAL INTERROGATORY NO. 1 PURSUANT TO FED. R. CIV. P. 49

Defendants, SOUTHAIRE, INC. ("Southaire") and ED BRUNNER ("Brunner"), by and through their counsel, Joseph R. Marconi and Victor J. Pioli of JOHNSON & BELL, LTD., hereby move this Honorable Court for entry of a judgment consistent with the jury's answer to Special Interrogatory No. 1. In support of their motion, Southaire and Brunner state as follows:

1. On July 15, 2009, the jury returned its verdict in this matter and found in favor of Southaire and Brunner on Plaintiff's fraud claim and in favor of Plaintiff on its breach of contract claim. The jury further awarded $40,696.00 to Plaintiff on its breach of contract claim *only*. See Verdict Form, Ex. A.

2. Special Interrogatory No. 1 was also submitted to the jury and read as follows: "Did Valley Air Service, Inc. give notice of the alleged breaches of the contract to Southaire, Inc. prior to commencing this lawsuit?" The jury answered Special Interrogatory No. 1: "No." See Special Interrogatories, Ex. B., No. 1.

3. Southaire now brings its current motion for a judgment consistent with the jury's answer to Special Interrogatory No. 1. The fact that the jury found that Plaintiff failed to give Southaire any notice of the alleged breach of contract precludes any recovery for breach of contract by Plaintiff.

4. 810 ILCS 5/2-607 provides in relevant part as follows:

Where tender has been accepted...*the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.*

810 ILCS 5/2-607(3)(a) (emphasis added)

5. "Section 2-607 of the UCC mandates that a "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Connick v. Suzuki Motor Co., Ltd., 174 Ill.2d 482, 492, 675 N.E.2d 584, 492 (Ill. 1996). Further, buyers of goods such as Plaintiff in the present case "must directly notify the seller of the troublesome nature of the transaction or be barred from recovery for a breach of warranty." Id.

6. The jury has conclusively found that Plaintiff failed to give any notice to Southaire as required under 810 ILCS 5/2-607. Plaintiff is therefore barred from any remedy under a breach of contract theory and judgment should be entered consistent with the jury's finding.

7. The Illinois Supreme Court has recognized two exceptions to the notice requirement of 810 ILCS 5/2-607: (1) the seller has actual knowledge of the defect of the particular product; or (2) the seller is deemed to have been reasonably notified by the filing of the buyer's complaint alleging breach of UCC warranty.

8. Neither of these exceptions is applicable to the case at bar. First, Plaintiff's filing of its complaint is not sufficient because "only a consumer plaintiff who suffers a personal injury may satisfy the section 2-607 notice requirement by filing a complaint stating a breach of warranty action against the seller." Connick, 174 Ill.2d at 495; 675 N.E.2d at 590-91. Plaintiff is not a consumer and has not suffered any personal injuries.

9. Second, any claim that Southaire had actual knowledge of the alleged defects must similarly fail because Southaire (prior to the commencement of this lawsuit) never had any knowledge that Plaintiff was claiming any of the alleged defects claimed in this lawsuit were breaches of the contract.

10. The Illinois Supreme Court has clarified the type of actual knowledge required to fit within the exception to the notice requirement of section 2-607. The court in Connick specifically stated:

> "The notice 'of the breach' required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, *but of buyer's claim that they constitute a breach.*"

Connick, 174 Ill.2d at 493-94; 675 N.E.2d at 590 (emphasis added).

11. Any claim that Southaire had some knowledge of the alleged defects in the airplane is not sufficient to exempt Plaintiff from complying with the notice requirement under section 2-607. Southaire must have had notice that Plaintiff was claiming that such alleged defects were a breach of the contract warranties. Southaire had no such knowledge until the commencement of this lawsuit.

12. The jury has specifically found that Plaintiff did not comply with the notice requirement under section 2-607. Plaintiff is therefore barred from any remedy for breach of

3

contract. Judgment should be entered consistent with the jury's finding on Special Interrogatory No.1 and entered in favor of Southaire.

WHEREFORE, Defendants, SOUTHAIRE, INC. and ED BRUNNER, respectfully request that this Honorable Court enter judgment consistent with the jury's answer to Special Interrogatory No. 1 in favor of Southaire.

Respectfully submitted,

SOUTHAIRE, INC.

By: /s/ Victor J. Pioli
One of Its Attorneys

Joseph R. Marconi
Victor J. Pioli
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
(312) 372-9818 (fax)

Joseph M. Lamonaca
Law Offices of Joseph M. Lamonaca
127 Commons Court
Chadds Ford, PA 19317
(610) 558-3376
(610) 558-3292 (fax)

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, upon oath states that a true and complete copy of the foregoing SOUTHAIRE, INC. AND ED BRUNNER'S MOTION FOR JUDGMENT CONSISTENT WITH SPECIAL INTERROGATORY NO. 1 PURSUANT TO FED. R. CIV. P. 49 was filed and served electronically this 29th day of July 2009.

/s/ Victor J. Pioli
One of Its Attorneys