# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VALLEY AIR SERVICE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 06 C 782 |
| | ) | |
| SOUTHAIRE, INC., et al., | ) | |
|     Defendants, | ) | |

## MEMORANDUM AND ORDER

In July of 2009, this court presided over a one-week jury trial in this case centering on the efforts of defendants Southaire and Edward Brunner (Southaire's President) to provide plaintiff Valley Air Service with a rebuilt, refurbished, and customized airplane. Both sides filed post-trial motions, which are presently before the court. For the following reasons, Valley Air's motion for judgment consistent with special interrogatories and for a new trial on damages is granted to the extent that Valley Air is entitled to a new trial as to its fraud claim against Southaire/Brunner; Valley Air's motion for additur is denied but its request for a new trial on direct damages in connection with its breach of contract claim is granted; and the defendants' motions to amend judgment in their favor on Valley Air's breach of contract claim and to amend the judgment to allow for setoff are denied.

## Background

The court will assume familiarity with its prior orders in this case. In short, Valley Air contracted to purchase an airplane from defendant Southaire that was to be repaired, refurbished, and customized by defendant Central Flying pursuant to a contract between Central Flying and Southaire. Dissatisfied with the plane's condition, Valley Air sued Southaire, Edward Brunner (Southaire's President), Central Flying, and William Englert (Central Flying's Director of Light

Jet Maintenance). Valley Air settled with Central Flying and Englert shortly before trial, leaving Valley Air's claims against Southaire and Brunner. The jury found in favor of Valley Air on its breach of contract claim and awarded Valley Air $40,696.00, which was substantially less than the damages Valley Air sought.[1] The jury then found in favor of the defendants on Valley Air's fraud claims, but nevertheless answered special interrogatories in a manner (discussed more fully below) that Valley Air contends is inconsistent with the general verdict in favor of Southaire/ Brunner as to the fraud count.

**Fraud – Valley Air's Motion for Judgment Consistent with Special Interrogatories**

Under Rule 49(b), the court may allow the jury to complete a general verdict form as well as written interrogatories on particular issues of fact. *Turyna v. Martam Const. Co., Inc.*, 83 F.3d 178, 181 (7th Cir. 1996). Noting that "this almost invites contradictory and inconsistent answers," the Seventh Circuit has stated that:

> the rule also addresses what the court should do when the general verdict and the answers to the interrogatories are not harmonious. If the answers are internally consistent, but one or more is inconsistent with the general verdict, the court has a choice among entering judgment in accordance with the answers (and disregarding the general verdict), returning the case to the jury for further deliberation, or ordering a new trial. When the answers are not internally consistent, and one or more also conflicts with the general verdict, the court has only two choices: return the case to the jury, or order a new trial. When faced with interrogatories that might conflict with a general verdict, the court must take the view of the case that reconciles the interrogatories with the general verdict.

*Id*.

---

[1] The $40,696.00 damages award consisted of $10,000 in direct damages (*e.g.*, the difference between the price Valley Air paid minus the fair market value of the plane at the time of Southaire's breach) plus $28,710 in lost profits and $1,986 in incidental damages.

The court begins by considering whether the jury's verdict in favor of Southaire and Brunner on Valley Air's fraud claim and its answers to the special interrogatories are inconsistent. To prevail on its fraud claim under Illinois law, Valley Air was required to establish that: (1) Southaire/Brunner made a false statement of material fact; (2) Southaire/Brunner knew the statement was false or made the statement in reckless disregard of the truth; (3) the statement was made with the intent to induce action; (4) Valley Air reasonably believed the statement and justifiably acted in reliance on it; and (5) Valley Air suffered damages as a result. *See Kapelanski v. Johnson*, 390 F.3d 525, 530-31 (7th Cir. 2004), *citing Soules v. Gen. Motors Corp.*, 79 Ill.2d 282, 286 (Ill. 1980).

The jury found that Brunner made false representations of material fact when he told Valley Air that the plane had no damage history and had never suffered any structural or corrosion damage, except as noted in the logbooks. *See* Special Interrogatories IV-VI. It also found that Valley Air reasonably believed and justifiably relied upon Brunner's statements, and that Brunner made false statements of material fact with the knowledge or belief that the statements were false, or with reckless disregard for whether the statements were true or false. *Id*. at VII through VIII). It nevertheless found in favor of the defendants as to Valley Air's fraud claim.

The defendants assert that the special interrogatories and the general verdict can be read together because the question "Did Valley Air Services reasonably believe and justifiably rely upon statements made by Ed Brunner" does not mean that Valley Air believed and justifiably relied on Brunner's false and material statements about the plane's alleged lack of any damage history or structural or corrosion damage, except as noted in the logbooks. The defendants thus

appear to be arguing that the jury found, at best, that Valley Air relied on some of Brunner's statements, but not his representations about damage history or structural/corrosion damage. The defendants also assert that the jury's answer "yes" in response to the special interrogatory stating "Did Ed Brunner make any false statements of material fact with the knowledge or belief that the statements were false, or with reckless disregard for whether the statements were true or false?" does not necessarily mean that it found that Brunner made the statements about prior damage and structural/corrosion damage knowing they were false or with reckless disregard for their truth or falsity.

The court rejects these arguments because they rely on revisionist history. The court recently presided over the jury trial in this case, following three years of litigation, numerous motions to dismiss, and motions for summary judgment from all of the defendants. It is not an exaggeration to state that no rational person reading the special interrogatories in light of the evidence presented at trial could agree with the defendants' position, as their reading of the special interrogatories is tortured and simply untenable in light of the facts and circumstances of this case.

Because the court finds that the answers are internally consistent but inconsistent with the general verdict, it may enter judgment in accordance with the answers, return the case to the jury, or order a new trial. *Turyna v. Martam Const. Co., Inc.*, 83 F.3d at 181. As a practical matter, it cannot return the case to the jury as the jury has been discharged. In this regard, it notes that it has the utmost respect for the work of juries. Nevertheless, after it read the verdict as to the fraud count and the answers to the special interrogatories, it considered whether to return the case to the jury and then rejected this option based on its conclusion that the verdict was fatally

inconsistent and the defect was so serious that further deliberations would result in a miscarriage of justice.[2] *See id*. at 181-82.

Valley Air does not seek judgment in accordance with the answers because the jury did not consider punitive damages. Thus, ordering a new trial is the only viable option based on the facts and circumstances of this case. Accordingly, in an exercise of its discretion, and to ensure that the ends of justice are served, the court finds that Valley Air is entitled to a new trial as to its fraud claim against Southaire/Brunner.

**Breach of Contract – Valley Air's Motion for Additur or a New Trial on Damages**

Valley Air sought at least $200,000 in direct damages (the difference between the amount Valley Air paid for the plane and the plane's fair market value at the time of Southaire's breach). As noted above, however, the jury awarded Valley Air $10,000 in direct damages. Valley Air thus seeks additur or a new trial on damages in connection with its breach of contract claim. The parties agree that the defendants' opposition to Valley Air's request for additur based on the alleged inadequacy of the award of direct damages for Valley Air's breach of contract claim means that the court cannot grant additur. The court thus turns to Valley Air's request for a new trial on damages for its breach of contract claim.

Valley Air stresses that the only evidence as to the plane's fair market value was testimony from its expert, Rick Milburn. Milburn opined, among other things, that the damage to the plane reduced its value between $200,000 and $300,000. The jury agreed that the plane

---

[2] Valley Air did not request that the jury further consider its answer to the interrogatories in light of the verdict. The court cannot fault Valley Air for its failure to make any such request, however, as based on its belief that further deliberations would not be helpful, the court discharged the jury before it gave the answers to the special interrogatories to the parties.

had the damage that formed the basis of Milburn's opinion about the plane's fair market value but, as noted above, awarded Valley Air $10,000 in direct damages.

In *McClain v. Owens-Corning Fiberglass Corp.*, the Seventh Circuit held that:

> A federal court sitting in diversity applies federal standards to a motion for new trial. A district court may grant a new trial if it finds the verdict against the weight of the evidence. Because [the defendant's] liability is based on Illinois law, Illinois law governs the question of whether the evidence supports the award of damages. A district court, therefore, is required to look to Illinois law for the substantive standard of what evidence would satisfy proof of damages. We review the district court's grant of a motion for a new trial for abuse of discretion. Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court.

*McClain v. Owens-Corning Fiberglass Corp.*, 139 F.3d 1124, 1126 (7th Cir. 1998) (internal quotations and citations omitted).

That court also confronted the precise situation before this court: the plaintiff argued that the jury's award of damages was clearly inadequate, while the defendant asserted "that juries can disregard expert testimony, even it if is uncontested." *See id*. at 1127. Noting that Illinois law regarding damages is "highly fact-specific," the Seventh Circuit affirmed the trial court's finding that the damages award was inadequate based on the unique facts of that case. *Id*.

The court, therefore, will consider whether the jury's award of $10,000 in direct damages should be sustained. The parties focus on whether the amount of the jury's award entitles Valley Air to a new trial on damages. Under Illinois law, the court may order a new trial if the jury's award of damages is manifestly inadequate, the jury ignored proven elements of damages, or the damages awarded by the jury are not reasonably related to the amount of damages incurred by the plaintiff. *Id*. at 390. When evaluating rulings on motions for a new trial on damages, the Seventh Circuit has also looked to whether the award is "monstrously excessive" (or the reverse),

whether there is a rational connection between the award and the evidence, "indicating that it is merely a product of the jury's fevered imaginings or personal vendettas" and "whether the award is roughly comparable to awards made in similar cases." *Farfaras v. Citizens Bank and Trust of Chicago,* 433 F.3d 558, 566 (7th Cir. 2006), *quoting EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1285 (7th Cir. 1995).

The court is firmly convinced that the jury's award of $10,000 in direct damages based on the actual condition of the plane vs. the condition of the plane that was promised in the contract is not rationally linked to the evidence presented at trial, is manifestly inadequate, and bears no reasonable relationship to the loss suffered by Valley Air. While the jury was not bound to accept Milburn's testimony about the value of the plane in its entirety, it was also not free to award a random number with no discernable basis in the record.

This is especially true given that the defendants did not introduce any evidence regarding alternate methods of appraising the aircraft. *See Carter v. Chicago Police Officers*, 165 F.3d 1071, 1082 (7th Cir. 1998) ("the jury is entitled to disregard the amount of damages requested by a party, especially when evidence is introduced from which jurors could draw their own conclusions"). In short, even giving the defendants every possible benefit of any doubt, the court finds in an exercise of its discretion that the direct damages award of $10,000 simply cannot stand. Accordingly, Valley Air's motion for additur is denied but its request for a new trial on damages for its breach of contract claim is granted.

**The Defendants' Motion for Judgment Consistent with Special Interrogatory No. 1**

The defendants ask the court to enter judgment in their favor on Valley Air's breach of contract claim based on the jury's answer to special interrogatory no. 1, which asked if Valley

Air provided notice of the alleged breaches of the contract to Southaire prior to commencing suit. The jury responded "no" so the defendants contend that they cannot be liable for breach of contract because "[t]he jury has conclusively found that [Valley Air] failed to give any notice to Southaire" and is "thus barred from any remedy under a breach of contract theory . . . " Defendants' Motion for Judgment at 2. The defendants also contend that until Valley Air filed suit, they did not know that Valley Air was contending that the defects constituted a breach of the parties' contract.

The defendants' remarkable contention that they first realized that Valley Air was asserting that the defects breached the Southaire-Valley Air contract when Valley Air filed suit is wholly incredible given the court's prior ruling that the defendants had actual notice of Valley Air's contentions regarding the plane's condition substantially before this suit was filed. With respect to the defendants' claim that they were entitled to formal notice of the breach, the court previously denied the defendants' motion for judgment as a matter of law, which included this argument. *See* Docket No. 318 (Order dated July 13, 2009). In doing so, the court found that the defendants had actual knowledge that the plane was not as promised and that actual knowledge was sufficient to allow Valley Air to proceed on its breach of contract claim.

The court understood special interrogatory no. 1 as asking if Valley Air provided a formal list of problems to the defendants. For the reasons set forth in the court's order denying the defendants' motion for judgment as a matter of law, Valley Air was not required to do so to be entitled to pursue a breach of contract claim. Thus, the defendants' motion for judgment in its favor on Valley Air's breach of contract claim must fail.

**The Defendants' Motion to Amend Judgment**

The defendants next claim that they are entitled to a setoff based on the $75,000 settlement between Central Flying/William Englert and Valley Air.[3] According to Southaire/Brunner, this is necessary to prevent Valley Air from receiving a double recovery for the same injury because "[Valley Air] has never drawn any distinction between the damages it claims against [Central Flying Services] and Southaire." Docket No. 333 at 2.

"Generally, the party seeking the setoff bears the burden of proving what portion of a prior settlement was allocated or is attributable to the claim for which he is liable." *Pasquale v. Speed Products Engineering*, 166 Ill.2d 337, 369 (Ill. 1995). When Valley Air and Central Flying/Englert entered into their settlement, the only claim left against Central Flying/Englert after summary judgment was for common law fraud. The jury, however, found *against* Valley Air on its fraud claim against Southaire/Brunner. It also found in favor of Valley Air as to its breach of contract claim and itemized those damages as the difference between the price Valley Air paid for the plane minus its fair market value at the time of the breach, lost profits, and incidental damages flowing from Southaire's breach of the contract.

Southaire/Brunner's setoff argument thus consists of a claim that the jury's verdict in favor of Valley Air in connection with its breach of contract claim against Southaire/Brunner is

---

[3] The court again notes the inconsistency between Southaire/Brunner's purported desire to keep the amount of the settlement confidential and their counsels' repeated voicing of the amount of this settlement. *See* Docket No. 333 (Defendants' Motion to Amend Judgment, which specifies the amount of the settlement); *see also* Docket No. 342 (Order of August 18, 2009, noting that "Mr. Pioli, counsel for Southaire, requested that . . . Central Flying . . . should file the settlement under seal as the amount is confidential. The court has reviewed the trial transcript to confirm that Mr. Pioli himself disclosed the amount of the settlement to the jury in his opening statement, which caused the court to offer Valley Air a mistrial. The amount of the settlement is thus already in the public domain").

substantively interchangeable with Valley Air's fraud claim against Central Flying/Englert. It is true that the court has ordered a new trial as to Valley Air's fraud claim against Southaire/Brunner and found that the jury's award of $10,000 in direct damages as to Valley Air's breach of contract claim cannot stand. Nevertheless, this does not change the fact that a settlement of Valley Air's fraud claim against certain defendants cannot act as a setoff against specific categories of damages based on Valley Air's breach of contract claim against other defendants. Accordingly, the defendants have failed to show that they are entitled to setoff.

## Conclusion

Valley Air's post-trial motions [322 & 324] are granted, and the defendants' post-trial motions [330 & 331] are denied. Specifically, Valley Air's motion for judgment consistent with special interrogatories and for a new trial on damages is granted to the extent that Valley Air is entitled to a new trial as to its fraud claim; Valley Air's motion for additur is denied but its request for a new trial on direct damages for its breach of contract claim is granted; and the defendants' motions to amend judgment in their favor on Valley Air's breach of contract claim and for setoff are denied. In addition, docket no. 333 is stricken as duplicative of docket no. 330.

In light of this order, the parties are directed to meet and confer regarding the pending bills of costs filed by both sides. They shall file a brief memorandum summarizing the status of their efforts to resolve this issue by September 30, 2009.

DATE: September 15, 2009

_____
Blanche M. Manning
United States District Judge