**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VALLEY AIR SERVICE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 06 C 782 |
| | ) | |
| SOUTHAIRE, INC., et al., | ) | |
|     Defendants, | ) | |

**MEMORANDUM AND ORDER**

Defendant Southaire and Edward Brunner's motion to reconsider the court's order granting post-trial relief to the plaintiff and denying their post-trial motions or, alternatively, for certification pursuant to 28 U.S.C. § 1292(b) is before the court. For the following reasons, the motion is denied in its entirety.

**Standard of Review**

This court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Accordingly, rehashing of previously raised arguments in a motion to reconsider is inappropriate. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Thus, the court will confine its consideration to arguments based on newly discovered evidence, an intervening change in the controlling law, or alleged manifest error of law. *See Hicks v. Midwest Transit, Inc.*, 531 F.3d 467 (7th Cir. 2008).

**Discussion**

The court previously granted Valley Air's motion for a new trial on its fraud claim and as to damages on its breach of contract claim. It also found, among other things, that the defendants were not entitled to a setoff based on the Central Flying–Valley Air settlement.

*Fraud*

The defendants correctly note that the court, "[w]hen faced with interrogatories that might conflict with a general verdict . . . must take the view of the case that reconciles the interrogatories with the general verdict." *Turyna v. Martam Const. Co., Inc.*, 83 F.3d 178, 181 (7th Cir. 1996). They then assert that the jury's verdict in favor of Southaire and Brunner on Valley Air's fraud claim and its answers to the special interrogatories are consistent. The court disagrees, for the reasons set forth in its September 15, 2009, order. In short, the defendants' suggested reading of the general verdict and special interrogatories is tortured and untenable based on the specific facts and circumstances of this action.

The court also rejects the defendants' contention that the court is attempting to substitute its own judgment for the jury's based on its familiarity with this case and its evaluation of the evidence. The court's comments about the prior proceedings in this matter were merely meant to provide context for its conclusion that it would be impossible for a dispassionate and conscientious observer to reconcile the general verdict for the fraud count with the matching special interrogatories. In sum, the only way to uphold the jury's verdict in favor of the defendants as to the fraud count is to ignore the special interrogatories. Because the court declines to do so, it will not revisit its order granting post-trial relief as to the fraud count.

*Breach of Contract*

The defendants next seek reconsideration of the court's finding that the jury's award of $10,000, representing the actual fair market value of the plane as delivered vs. the condition of the plane as promised in the contract, is not rationally linked to the evidence presented at trial. In

support, they assert that the jury could have accepted the valuation of the plane performed by Valley Air's lender in September of 2005, who appraised the plane at $2,015,000.

The basis for the defendants' argument is unclear as the defendants do not explain how the jury could have found that Valley Air incurred $10,000 in direct damages at the time the plane was originally delivered based on a 2005 appraisal, or, indeed, how $10,000 in damages at the time of delivery flows from the 2005 appraisal value amount. The court also notes that the appraisal does not appear to consider the damage history that the jury found to exist. Thus, the appraisal, in and of itself, does not provide a rational basis for the jury's award of $10,000 in direct damages.

The defendants also assert that the jury could have accepted one of the categories of damages assessed by Rick Milburn and rejected the other categories. As the court previously noted, however, while the jury's assessment of damages is entitled to substantial deference, it is not controlling and may be set aside if "the jury ignored a proven element of damages; or (2) the verdict resulted from passion or prejudice; or (3) the award bore no reasonable relationship to the loss sustained." *See, e.g., Snover v. McGraw*, 172 Ill.2d 438, 447 (Ill. 1996).

Prior to granting Valley Air's post-trial motion addressing the breach of contract damages, the court conducted a fact-specific inquiry and, in an exercise of its discretion, concluded that it was "firmly convinced that the jury's award of $10,000 in direct damages based on the actual condition of the plane vs. the condition of the plane that was promised in the contract is not rationally linked to the evidence presented at trial, is manifestly inadequate, and bears no reasonable relationship to the loss suffered by Valley Air." After carefully considering all of the evidence presented at trial and all of the defendants' post-trial filings, the court

continues to be unpersuaded by the defendants' championing of the jury's damage award. It thus declines to revisit its decision granting a new trial on damages for the breach of contract count.

*Setoff*

The defendants next argue that the court used the wrong standard when it determined that they were not entitled to a setoff based on the $75,000 settlement between Central Flying/William Englert and Valley Air. According to the defendants, the plaintiffs carry the burden of proving that an earlier settlement is not subject to setoff. In support, they direct the court's attention to *Illinois School Dist. Agency v. Pacific Ins. Co. Ltd.*, 571 F.3d 611, 615-16 (7th Cir. 2009). This case addresses the burden of proof used to determine whether damages awarded in a prior lawsuit should be set off against damages awarded in a subsequent lawsuit. *See id*.

In contrast, the Valley Air–Central Flying settlement occurred in this case, not a prior lawsuit. As this court previously noted, the Illinois Supreme Court has held that "[g]enerally, the party seeking the setoff bears the burden of proving what portion of *a prior settlement* was allocated or is attributable to the claim for which he is liable." *Pasquale v. Speed Products Engineering*, 166 Ill.2d 337, 369 (Ill. 1995) (emphasis added). The court then found that the defendants had failed to carry this burden.

The court declines to revisit its determination as to who carries the burden of proof based on inapposite authority. *See Lard v. AM/FM Ohio, Inc.*, 387 Ill.App.3d 915, 925-26 (1st Dist. 2009) (non-settling defendant "generally has a burden of proof" to establish that setoff is proper based on settlements by other defendants in the same case); *Muro v. Abel Freight Lines, Inc.*, 283 Ill.App.3d 416, 419 (1st Dist. 1996) (same); *cf. Patton v. Carbondale Clinic, S.C.*, 161 Ill.2d 357,

370 (Ill. 1994) ("where a plaintiff recovers for several injuries in a previous lawsuit and fails to apportion damages accordingly, a subsequent defendant should not bear the burden of proving what portion of the plaintiff's previous settlement should be set-off or be denied a setoff"). Accordingly, the defendants' motion to reconsider the court's ruling regarding setoff is denied.

*Certification Under 1292(b)*

Section 1292(b) allows the court to certify an order for immediate appeal if the order sought to be appealed involves: (1) a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The gist of the defendants' request for certification is that the court got it wrong across the board when it ruled on the parties' post-trial motions and that certification will save everyone the trouble and expense of conducting an unnecessary new trial.

All of the defendants' arguments are based on questions of fact and law, not pure questions of law. This dooms their request for certification as the Seventh Circuit has explicitly held that "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676-77 (7th Cir. 2000) (a district court may only certify an issue under § 1292(b) if it turns "on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record"). The defendants' remaining attempts to place themselves within the ambit of § 1292(b) do not merit discussion.

**Conclusion**

The defendants' motion for reconsideration or, alternatively, certification under 28 U.S.C. § 1292(b) [#362] is denied. In light of the December 15, 2009, settlement conference before Magistrate Judge Mason, a status hearing is set for January 7, 2010, at 11:00 a.m. If this case is still pending as of this date, the parties shall be prepared to agree to a firm trial date.


DATE:   November 6, 2009                     _____
                                             Blanche M. Manning
                                             United States District Judge