# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **VALLEY AIR SERVICE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **06 C 782** |
| | ) | |
| **SOUTHAIRE, INC., et al.,** | ) | |
| **Defendants,** | ) | |

## MEMORANDUM AND ORDER

The court previously issued a rule to show cause directed at attorneys Joseph Marconi and Victor Pioli of Johnson & Bell's Chicago office. It now takes this opportunity to state the obvious: zealous advocacy is not without boundaries. For the following reasons, the court finds that counsel acted inappropriately but nevertheless discharges the rule to show cause. It trusts that counsel will strictly abide by the court's orders in the future. If not, the court will not hesitate to initiate disciplinary proceedings against counsel, who may also be required to personally pay for fees and expenses of opposing counsel flowing from defense counsel's misconduct.

### Discussion

The court's October 2, 2009, rule to show cause order stated that:

On September 15, 2009, the court issued an order which granted Valley Air's motion for post-trial relief and stated, among other things, "the court has issued an expedited referral for a settlement conference." More than two weeks have passed and no date has been set. Counsel for Valley Air has advised the court that it has been unable to contact defendants' counsel (Joseph Marconi and Victor Pioli of Johnson & Bell) by telephone, mail, fax, or email, and thus could not comply with the court's September 15th order. The court's orders are not discretionary, to be ignored by counsel as they deem fit. Accordingly, Mr. Marconi and Mr. Pioli are each ordered to show cause, by October 9, 2009, why they should not be sanctioned for their failure to comply with the court's September 15, 2009, order and for unreasonably and vexatiously multiplying the proceedings. The clerk is

> further ordered to send a copy of this order to William Johnson,
> President/Shareholder of Johnson & Bell, via email (johnsonw@jbltd.com) and
> first class mail (Johnson & Bell, 33 West Monroe Street, Suite 2700, Chicago,
> Illinois 60603).

Docket No. 367 (order dated October 2, 2009).

Defense counsels' response to the rule to show cause is before the court. Based on the allegations in the response, the court gave Valley Air's counsel the opportunity to file a brief memorandum, but they declined to do so.

The rule to show cause asked defendants' counsel to attempt to justify why they did not contact the magistrate judge's deputy clerk in concert with plaintiff's counsel to set up a date for a settlement conference, despite an express court order requiring them to do so. It also noted that this incident was not isolated, but instead was illustrative of a continuing problem in this case. Counsels' response to the rule to show cause, in essence, attempts to cast blame on everyone but themselves.

● First, they dredge up a past discovery dispute that has absolutely no bearing on the issue presently before the court.

● Second, they attempt to analogize the present situation to their past failure to work with plaintiff's counsel to submit a draft pretrial order, and suggest that in both instances, plaintiff's counsel was at fault. The court strongly disagrees. Its previous rejection of defense counsel's identical argument with respect to the pretrial order is equally applicable to the present argument:

> On April 30, 3009, the court ordered the parties to submit a pretrial order by June
> 24, 2009. On June 24, 2009, the plaintiff filed a pretrial order signed by the
> plaintiff only. According to the plaintiff, its counsel experienced difficulties
> reaching defendants' counsel to finalize the pretrial order. The court need not

> delve into this apparent further dispute between counsel. If the court's assistance
> was necessary to resolve any issues regarding the pretrial order, it should have
> been sought prior to the pretrial order's due date. Due dates, especially ones set in
> a fast-approaching trial where the pretrial conference is one week away, are not
> discretionary. Because the date for filing the pretrial order has passed, the court
> will proceed based on the pretrial order presently before the court.

*See* Docket No. 287 (order dated Jun. 25, 2009). If defense counsel believes opposing counsel is

preventing them from complying with dates set by the court, it is their responsibility to bring it

promptly to the court's attention. Simply ignoring the situation is playing with fire, and is not a

"get out of jail free" card that entitles them to proceed as they wish.

•  Third, defendants' counsel expresses their belief that the prior settlement

conference was "a complete waste of everyone's time" because the plaintiff made a "ridiculous

demand." Response to Rule to Show Cause at ¶ 6. The tone of this response is regrettable (and,

unfortunately, not an isolated incident). The reasoning is also flawed. Counsel appears to

believe that they are not required to participate in another settlement conference, despite the

court's express order, because it would (in counsels' eyes) be "a complete waste of everyone's

time."

This contention is, like the one above, reminiscent of the situation with the pretrial order.

After the court ruled that it would proceed based on Valley Air's pretrial order, during the trial,

defendants' counsel repeatedly attempted to reargue issues that were already definitively resolved

due to the court's acceptance of the plaintiff's pretrial order. Contrary to Mr. Marconi and Mr.

Pioli's apparent belief, they must abide by this court's orders and cannot ignore them as they see

fit.

• Fourth, counsel propounds a breathtakingly audacious excuse for their failure to comply with the order at issue: *the court itself is responsible!*  According to counsel, they were "shocked" by the court's post-trial rulings, as they believed that the rulings were diametrically at odds with events that had transpired during trial.  Their client was equally shocked, and needed time "to sort through these new – and profound – issues that now unexpectedly confronted him."  Litigation is often a zero sum game, where one side wins and the other side loses.  The apparent belief that the receipt of an adverse ruling is a license to ignore court orders if counsel disagrees with the ruling is absolutely unacceptable.

• Next, counsel notes that they "did not anticipate that the Court would discard the jury's verdict" when they arranged their schedule for the rest of 2009, and appear to be contending that lead counsel's lack of immediate availability excuses his failure to contact Magistrate Judge Mason's chambers promptly as directed by the court.  This position appears to be a post-hoc effort to rationalize the prior intentional failure to comply with the court's order.  And yet again, "[i]f the court's assistance was necessary to resolve any issues . . .  it should have been sought" promptly, as opposed to ignoring the court's directives and delaying the speedy resolution of this matter.  *See* Docket No. 287 (order dated Jun. 25, 2009).

In sum, as any reader of this order will easily grasp, the court is – to say the least – underwhelmed by the excuses proffered by defense counsel.  The court is in a unique position to opine regarding the conduct of all of the attorneys of record in this case.  Litigation of this matter has been spiraling downward for some time, due to the scorched earth tactics that Mr. Marconi and Mr. Pioli have adopted.  Mr. Marconi and Mr. Pioli are hereby formally advised that their present course of conduct is unacceptable and must cease.

-4-

This court takes its obligation to promote civility among counsel and between the bench and bar very seriously, and does not make any of the comments in this order lightly. It trusts that counsel will take this order to heart, and that counsel will strictly abide by the court's orders in the future. Any further incidents of this nature will lead to the commencement of disciplinary proceedings against counsel, who may also be required to personally pay for fees and expenses of opposing counsel flowing from any misconduct by defense counsel.

## Conclusion

Although the court finds that the explanation provided by attorneys Joseph Marconi and Victor Pioli of Johnson & Bell's Chicago office fails to justify their actions, it discharges the rule to show cause with an admonishment. Counsel is hereby warned that any additional failures to strictly comply with the court's orders will lead to the commencement of disciplinary proceedings and that counsel may also be required to personally pay for fees and expenses of opposing counsel flowing from their misconduct.

The clerk is further ordered to send a copy of this order to William Johnson, President/Shareholder of Johnson & Bell, via email (johnsonw@jbltd.com) and first class mail (Johnson & Bell, 33 West Monroe Street, Suite 2700, Chicago, Illinois 60603).

DATE:   November 6, 2009

Blanche M. Manning
United States District Judge

-5-