# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 782 | **DATE** | January 4, 2010 |
| **CASE TITLE** | *Valley Air v. Southaire* | | |

**DOCKET ENTRY TEXT:**

Valley Air's waiver of punitive damages and motion to amend order on Rule 49 motion for judgment consistent with special interrogatories [#382] is granted. The second trial shall be limited to damages on Valley Air's fraud and breach of contract claims.

■ [ For further details see text below.]

## STATEMENT

Valley Air's waiver of punitive damages and motion to amend order on Rule 49 motion for judgment consistent with special interrogatories [#382] are before the court. The motion flows from the court's rationale for granting a motion for a new trial on the fraud count.

In the special interrogatories directed at the fraud count, the jury found that Brunner made false representations of material fact when he told Valley Air that the plane had no damage history and had never suffered any structural or corrosion damage, except as noted in the logbooks. *See* Special Interrogatories IV-VI. It also found that Valley Air reasonably believed and justifiably relied upon Brunner's statements, and that Brunner made false statements of material fact with the knowledge or belief that the statements were false, or with reckless disregard for whether the statements were true or false. *Id*. at VII through VIII. It nevertheless found in favor of the defendants as to Valley Air's fraud claim.

The court concluded that the jury's answers to these special interrogatories were internally consistent but inconsistent with the general verdict. It then stated that Valley Air did "not seek judgment in accordance with the answers because the jury did not consider punitive damages. Thus, ordering a new trial is the only viable option based on the facts and circumstances of this case. Accordingly, in an exercise of its discretion,

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

and to ensure that the ends of justice are served, the court finds that Valley Air is entitled to a new trial as to its fraud claim against Southaire/Brunner." Docket No. 359 at 5.

In its present motion, Valley Air waives its claims for punitive damages on its pending fraud claim. It then asks that the court amend its order granting a new trial by entering judgment consistent with the special interrogatories and limit the new trial on the fraud claim to damages only, as was done with the breach of contract claim. Valley Air is correct in its characterization of the order granting a new trial: the existence of the request for punitive damages was the sole reason the court granted a new trial on liability and damages, as opposed to damages alone.

In response, the defendants, perhaps inspired by American motivational author Robert Collier's belief that "constant repetition carries conviction," trot out arguments that the court has already rejected repeatedly. The court will not repeat its analysis of these arguments and, instead, simply notes that it declines to revisit its prior rulings.

The court, however, allowed the defendants to supplement their response (at the price of paying for the cost of preparing Valley Air's sur-reply) to raise a new argument: that the jury's answers to the special interrogatories on the fraud claim is consistent with their verdict because the jury could have found that Valley Air only proved its case by a preponderance of the evidence. As previously noted, this argument is untimely.

In any event, it is unavailing. First, it has no basis in the record, as the jury instructions for the fraud claim only referenced the clear and convincing standard of proof:

> As to Valley Air Service's fraud claim against Southaire and Brunner, Valley Air Services has the burden of proving each of the following propositions by clear and convincing evidence:
>
> First, Southaire or Brunner made false statements of material facts[;]
>
> Second, Southaire or Brunner knew or believed the statements were false, or made the statements in reckless disregard for whether they were true or false[;]
>
> Third, Southaire or Brunner made the statements with the intent to induce Valley Air Services to purchase the Aircraft;
>
> Fourth, Valley Air Services reasonably believed the statements and purchased the Aircraft in justifiable reliance on the truth of those statements;
>
> Fifth, Valley Air Service's damages resulted from its reliance.

Docket No. 392-1 at 2.

(continued)

Page 2

**STATEMENT**

    Second, to the extent that the defendants are contending that the special interrogatories are defective because they did not specifically reference the applicable standard of proof, their argument fails as the special interrogatories must be read in conjunction with the instructions. *See LeBoeuf v. K-Mart Corp.*, 888 F.2d 330, 334 (5th Cir. 1989) (special verdict question in slip and fall case: "Do you find that the defendant breached a duty of care owed to the plaintiff?" was adequate when read with instruction that stated the burden of proof of the parties and the standard of care). This issue would not be on the table if the special interrogatories had repeated the standard of proof, but the failure to do so is not automatically fatal. *See United States v. Singh*, 532 F.3d 1053, 1063-64 (9th Cir. 2008).

    In short, the jury's answers to the special interrogatories reflect their affirmative answers to each of the elements of fraud, and the jury was instructed that Valley Air had the burden of proving each of the elements of a fraud claim "by clear and convincing evidence." In light of Valley Air's waiver of its request for punitive damages and the first jury's answers to the special interrogatories, there is nothing left for a second jury to do with respect to liability on Valley Air's fraud claim. Accordingly, Valley Air's request to amend the court's order addressing its Rule 49 motion for judgment consistent with special interrogatories is granted. The second trial shall be limited to damages on Valley Air's fraud and breach of contract claims.