UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALLEY AIR SERVICE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTHAIRE, INC., *et al.*, ) <br> ) <br> Defendants. ) | No. 06 cv 00782 <br> Judge Blanche M. Manning |

**VALLEY AIR SERVICE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO BAR DEFENDANTS FROM CONTRAVENING THE PRIOR JURY'S FINDINGS, AND FOR JURY INSTRUCTIONS REGARDING JUDGMENT ON THE BREACH OF CONTRACT AND FRAUD CLAIMS**

Plaintiff, Valley Air Service, for its Reply in Support of its Motion *in Limine* to Bar Defendants from Contravening the Prior Jury's Findings, and for Jury Instructions Regarding Judgment on the Breach of Contract and Fraud Claims, states as follows:

**I.  INTRODUCTION**

Defendants contend that Valley Air's motion is too vague to be granted at this juncture because it does not identify specific items of evidence to bar, and that Valley Air's proffered jury instruction is unnecessary, unduly prejudicial, and should be addressed at the jury instruction conference. As demonstrated below, these arguments are without merit.

## II.     ARGUMENT

### a.     <u>Valley Air's Motion is Not Too Vague.</u>

While this Court has found Defendants guilty of fraud and breach of contract, the Court has not yet entered judgment on these claims. Moreover, Defendants' counsel declared in court their intention to call all the same witnesses that testified at the first trial in this matter, when liability was still at issue. It is evident, then, that Defendants will attempt to relitigate every issue in this case, regardless of whether the issue has already been decided. In light of the Court's order limiting the second trial to damages only, and in light of Defendants' apparent intent to litigate liability anyway, an order barring Defendants from presenting evidence contravening their guilt is necessary. Moreover, entering such an order at this *limine* stage will benefit all parties and the Court because it will: (1) allow for a more accurate estimate of trial length; (2) allow the parties to better prepare for trial and not waste time and resources preparing for irrelevant matters; and (3) reduce the amount of time taken away from trial to address evidentiary issues.

Defendants' contention that the relief sought is too vague should be rejected. Valley Air identified Central Flying employees and the former pilot of the Aircraft as witnesses to be barred. Moreover, if Valley Air's Motion is vague, the vagueness can be attributed to Defendants. Valley Air provided a draft Pretrial Order to Defendants on January 15, 2010. To date, Defendants have not responded at all. Nevertheless, based on

the evidence Defendants included in the first Pretrial Order, the following testimony should be excluded as irrelevant:

- Central Flying employees who would testify that the Aircraft was in the condition promised, and therefore contradict the findings of the first jury (DeWayne Smith; John Shirley; William Englert);

- Valley Air employees with no knowledge of damages (Michael Patrick, David Spencer, Maureen Cosyns);

- The Aircraft's former owner (Roy Winegardner) and his pilot (Paul Eremea), who have no information about the damages incurred;

- Ken Beckwith, who was Central Flying's retained expert prior to the first trial;

Additionally, the following documents should be excluded as irrelevant, because they're only potential use would be establish that the Aircraft was in the condition promised or that Central Flying is liable for Valley Air's damages, in contravention of the liability findings of the first jury:

- The Aircraft Acceptance Certificate of 10/11/05 and the Aircraft Delivery Receipt of 10/11/05;

- Valley Air's Operational Specifications;

- Pre-Buy Work Order of 7/20/05;

- Aircraft Paint Work Order of 9/28/05

- Aircraft Work Order of 8/18/05

- Advantage Aircraft Sales document for N17WC

- Southaire QID 653

- Statement of Invoices paid by Southaire to Central Flying;

- Valley Air's Original Complaint;

- Valley Air's Monthly Flight Reports;

- Michael Patrick's Log Book;

- James Kennedy Deposition;

- Part 135 Aircraft Requirements Checklist;

- Stephen Cosyns letter to the FAA of 9/13/05;

- Valley Air's Air Taxi Registration;

- James Kennedy's FAA Conformity Check;

- Valley Air Flight and Duty Time Record of 3/27/08;

- FAA Base Inspection Checklist of 10/12/05;

- Charterhub.com Advertisement.

Again, due to Defendants' failure to participate in the pretrial order process, Valley Air cannot anticipate every item of irrelevant evidence Defendants will seek to introduce. The above-listed items, though, which may have been relevant in the first trial, are irrelevant to the limited issues in the second trial and should be barred.

      **b.**    <u>**Valley Air's Proffered Jury Instruction is Necessary.**</u>

Defendants contend that Valley Air's proffered jury instruction is unnecessary, premature and unduly prejudicial. As noted above, although judgment has not yet been entered on Valley Air's breach of contract and fraud claims, trial will be limited to damages for those claims. The jury should be informed of its limited role at the outset of

4

the case so as to avoid any confusion. Thus, the instruction is necessary, and its proffer is timely because it should be given at the commencement of trial.

Additionally, Valley Air undertook to draft the proffered instruction fairly, and Defendants do not articulate what is wrong with it or how it unduly favors Valley Air, apart from summarily stating that it is prejudicial. Moreover, Defendants have not offered a competing version, or suggested revisions that would make the instruction more palatable to them. The instruction is objective and accurate, and would concisely inform the jury at the beginning of trial what its role will be. Therefore, the instruction should be given as written.

### III.    CONCLUSION

Southaire's objections to Valley Air's Motion in *Limine* are without merit and should be rejected. Valley Air therefore respectfully requests that this Court bar all counsel, parties, and witnesses from commenting, giving testimony, using any documents or implying, directly or indirectly, that Defendants are not liable for Valley Air's damages; and for preliminary and pre-deliberation instructions to the jury describing the uncontrovertible conclusions reached by the first jury with regard to liability and the limited issue that the jury is being called upon to decide.

                                                      Respectfully submitted,

                                                      VALLEY AIR SERVICE, INC.

                                  By:    /s Michael S. McGrory
                                               One of Its Attorneys

Alan L. Farkas
Michael S. McGrory
Madsen, Farkas & Powen, LLC
20 S. Clark St., Ste. 1050
Chicago, Illinois 60603
Phone: (312) 379-3444