Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 782 | **DATE** | April 30, 2010 |
| **CASE TITLE** | | *Valley Air v. Southaire* | |

**DOCKET ENTRY TEXT:**

The defendants' reply [#420] in support of its memorandum regarding witnesses and exhibits is stricken as untimely. Thus, Valley Air's emergency request to file a sur-reply [#421] is denied as moot, but its stipulation that it does not intend to seek lost profits in the second trial is accepted. Defendants' Exhibits 1-13 and 15-19 and the testimony of Michael Patrick, David Spencer, James Kennedy, Paul Eremea, and Mike Englert are excluded. Valley Air's Proposed Instruction 1 is accepted and Defendants' Proposed Instruction 1 is rejected. The court accepts the defendants' stipulation that the $1,913,667.00 figure in Valley Air's proposed statement of uncontested facts is correct. The evidentiary rulings in this order are preliminary, and the court reserves the right to revisit its rulings as necessary at trial. The parties are admonished, however, that any requests to deviate from this order (and all other orders issued to date) _must_ be raised outside the jury's presence and approved by the court ahead of time.

■[ For further details see text below.]

---

## STATEMENT

On April 2, 2010, the court issued an order which stated in part that, "With respect to the defendants' proposed exhibits and witnesses Mike Englert, Paul Eremea, Michael Patrick, David Spencer, and James Kennedy, the defendants shall file a memorandum by 4/14/2010, Valley Air shall respond by 4/21/2010, and the defendants may reply by 4/26/2010." The parties filed the opening memorandum and response in a timely fashion, but the defendants elected to file their reply two days late (and only two business days prior to the first day of trial), without seeking leave of court or providing any explanation regarding their failure to adhere to the briefing schedule set by the court. They provided the required paper judge's copy of their reply on April 29, 2010.

### The Defendants' Untimely Reply

The defendants have followed a regrettable yet consistent pattern in this case of disregarding court orders. The expedited briefing schedule on April 2d was necessitated by the defendants' failure to meet and confer regarding the pretrial order until the very last minute to do so. Because the court lacked complete information about the proposed witnesses and exhibits during the pretrial conference, it allowed the parties to present their views in writing. The defendants chose to submit an untimely reply, without a motion for leave

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

## STATEMENT

to file or any explanation. They did so at their own peril. Briefing schedules are not arbitrary dates set by the court that may be reset by the parties as they deem fit. The court has a full calendar of civil and criminal matters, and is entitled to set dates and to expect that counsel will adhere to them so it can address matters before it in a thorough and thoughtful manner. Accordingly, the defendants' reply [#420] is stricken as untimely. Any new arguments raised in that memorandum are forfeited and may not be relitigated at trial. Because the court will not consider the defendants' reply, Valley Air's emergency request to file a sur-reply [#421] is denied as moot. The court, however, accepts Valley Air's stipulation, made in its sur-reply, that it does not intend to seek lost profits in the second trial.

*Defendants' Exhibits*

The defendants listed fifteen exhibits in the final pretrial order submitted on April 2, 2010. Their memorandum in support of their exhibits, however, refers to twenty exhibits. Exhibits 16, 17, 18, and 19 are hereby excluded as the defendants have failed to establish good cause for their failure to list these exhibits in the final pretrial order. Defendants' Exhibit 20 was disclosed late, but may be introduced at trial because it has already been admitted as Valley Air's Exhibit 7.

The remainder of the defendants' exhibits are premised on the defendants' position that they may attempt to show that Valley Air is not entitled to any damages by showing that Valley Air did not incur any damages because the problems with the plane claimed by Valley Air did not exist. The fact of liability for the breach of contract and fraud in the inducement counts, however, has already been conclusively determined in Valley Air's favor. The defendants have made their record, and are hereby ordered to refrain from continuing to relitigate liability in this fashion. With this in mind, the court turns to the defendants' proffered exhibits.

Aircraft Acceptance Documents

Defendants' Exhibits 1 (Aircraft Acceptance Certificate), 2 (Attachment to Acceptance Certificate) and 3 (Aircraft Delivery Receipt) are documents executed at the close of the transaction. The defendants contend that these documents are relevant because they show that Valley Air inspected the plane and did not claim that it was defective. Specifically, the defendants contend that the Aircraft Acceptance Certificate and Attachment to Acceptance Certificate show that the plane did "not contain the defects that Plaintiff now claims as damages" and that the Aircraft Delivery Receipt "indicates Plaintiff's acceptance of the aircraft after having an opportunity to inspect the plane for issues and none were noted (including none that are claimed as damages by Plaintiff now)."

The proposed use of these documents goes to liability, not the amount of damages, since the defendants' position is that the documents show that Valley Air is entitled to $0 since the plane was in the promised condition. Thus, Defendants' Exhibits 1, 2 and 3 are excluded.

Valley Air Records of Post-Purchase Use

The next group of documents consists of Defendants' Exhibits 4 (Aircraft Monthly Flight Report), 5 (Michael Patrick's Log Book), 9 (FAR Part 135 Checklist), 10 (FAA Registration), 11 (Flight Time Records),

(continued)

## STATEMENT

12 (Inspection Checklist), and 13 (Internet Advertisement), all of which relate to Valley Air's post-purchase use of the plane. The defendants contend that these documents are relevant because evidence regarding the use of the plane shows that it could not be defective as claimed by Valley Air. As noted by Valley Air, however, "the issue in this second trial is not whether discrepancies existed, but rather Valley Air's measure of damages for breach of contract and fraud related to the discrepancies that were found to exist." The defendants may not relitigate liability, and because their proposed use of Defendants' Exhibits 4, 5, 9, 10, 11, 12 and 13 all relate to liability, these exhibits are excluded.

### Work Orders/Invoices

The final group of exhibits consists of Defendants' Exhibits 6 (Central Flying work order), 7 (Central Flying maintenance record), 8 (Central Flying work order), and 15 (Central Flying invoices). These documents relate to work that was performed on the plane before the transaction closed. The defendants contend that Exhibit 6 shows that Central Flying performed work that enabled the plane to comply with service bulletins and airworthiness directives, Exhibits 7 and 8 show that Central Flying stripped and painted the plane, belying Valley Air's claim for damages based on inadequate painting, and Exhibit 15 shows that Central Flying painted the plane and ensured that it complied with airworthiness directives.

The first jury determined that the plane did not comply with all of the service bulletins and was improperly painted. Thus, the defendants may not use these exhibits to show that Valley Air is not entitled to any damages because the plane was in compliance with service bulletins and was properly painted. Moreover, the court assumes that Valley Air will not contest that Central Flying performed work on the plane, including painting. The fact that these exhibits proffered by the defendants show that Central Flying worked on the plane and painted it, therefore, will not help the jury to determine the extent of Valley Air's damages for non-compliance with service bulletins or the failure to paint the plane properly. Defendants' Exhibits 6, 7, 8, and 15 are, therefore, excluded because the defendants may not argue that the plane was delivered in the condition promised.

### *Defendants' Witnesses*

### Paul Eremea

Paul Eremea is a pilot who flew the plane "for years prior to its purchase by Plaintiff." The defendants assert that he will testify that "the subject aircraft never sustained the type of damage Plaintiff claims that has resulted in its alleged diminution in value." The contention that the aircraft was delivered in the promised condition and was fully functional is an attempt to challenge liability. As such, Mr. Eremea may not testify.

### James Kennedy

The defendants list James Kennedy (the FAA inspector who inspected the plane) as a witness. They did not list him in the final pretrial order, so his inclusion on the defendants' witness list is untimely. Moreover, the defendants have failed to establish good cause for their failure to list Mr. Kennedy in the final pretrial order.

(continued)

## STATEMENT

To the extent that the defendants inadvertently omitted him from the second final pretrial order, they had ample opportunity to notice this error earlier, especially given the parties' familiarity with the record at this point in time. In any event, the defendants intend to have Mr. Kennedy testify that the "alleged defects to the aircraft claimed as damages by and [sic] Plaintiff" did not exist. It is difficult to envision any testimony more clearly directed at determining liability. Thus, Mr. Kennedy's testimony is barred because he was not disclosed properly as a trial witness and it is not relevant to the issues presented in the second trial.

Michael Patrick and David Spencer

Michael Patrick and David Spencer are Valley Air's chief pilot and director of maintenance, respectively. The defendants state that these witnesses will testify that they inspected the plane and "never noted any of the alleged defects claimed by the Plaintiff." Yet again, liability is not on the table. The jury will have to determine the amount of damages incurred by Valley Air, and the contention that the jury should not award any damages because the defendants are not liable since the plane was delivered in the promised condition is improper. Mr. Patrick and Mr. Spencer are thus barred from testifying.

Mike Englert

The defendants identify Mike Englert as a "may call" witness. The defendants do not address the basis for presenting Mr. Englert, who was Central Flying's Director of Light Jet Maintenance. To the extent that the defendants intend to present Mr. Englert to show that Central Flying performed work on the plane and that the plane, therefore, had no defects that would support an award of damages to Valley Air, his testimony is barred. To the extent that the defendants have some other theory relating to Mr. Englert, they did not disclose it in a timely fashion. Indeed, the defendants did not even mention Mr. Englert in their memorandum regarding exhibits and witnesses. Thus, they are barred from presenting Mr. Englert for any purpose.

*Jury Instruction for Fraud/Breach of Contract*

The court has considered Defendants' Proposed Instruction 1 (Second Trial) as well as Plaintiff's Proposed Instruction 1 (Second Trial). Both proposed instructions address what the jury will be told about the prior jury's findings on the breach of contract and fraud counts. The proposed instructions are basically similar. They both state that it has already been determined that the defendants breached a contract with Valley Air. However, only Valley Air's proposed instruction states that it has already been determined that the defendants defrauded Valley Air (the defendants' proposed instruction merely states that the defendants "made misrepresentations"). The defendants' proposed instruction ends by instructing the jurors to "determine the amount of damages Valley Air may be able to recover from Brunner and Southaire" while Valley Air's proposed instruction asks the jurors to "determine the amount of damages Valley Air is entitled to recover for Brunner and Southaire's breach of contract and fraud." The court finds that the defendants' proposed instruction is unnecessarily confusing, and thus accepts Valley Air's Proposed Instruction 1 and rejects the Defendants' Proposed Instruction 1.

(continued)

| STATEMENT |
| --- |

*Conclusion*

The court's preference is to consider all filings made by a party.  However, it is also entitled to insist on adherence to basic procedural rules.  The defendants continue to appear to believe that they may do what they want, when they want.  This is not the case, so the defendants' reply [#420] in support of its memorandum regarding witnesses and exhibits is stricken as untimely.  Any new arguments raised in that memorandum are forfeited and may not be relitigated at trial.  Because the court will not consider the defendants' reply, Valley Air's emergency request to file a sur-reply [#421] is denied as moot.  The court, however, accepts Valley Air's stipulation, made in its sur-reply, that it does not intend to seek lost profits in the second trial.

It is further ordered that Defendants' Exhibits 1-13 and 15-19 are excluded (Defendants' Exhibit 14 was withdrawn).  Defendants' Exhibit 20 (appraisal) has already been admitted as Valley Air's Exhibit 7.  The testimony of Michael Patrick, David Spencer, James Kennedy, Paul Eremea, and Mike Englert is barred as specified above.  The court accepts Valley Air's Proposed Instruction 1 (Second Trial) and rejects the Defendants' Proposed Instruction 1 (Second Trial).  It also accepts the defendants' stipulation that the $1,913,667.00 figure in Valley Air's proposed statement of uncontested facts is correct.

Finally, the court provides the following guidance to the parties regarding the structure of the upcoming trial.  Valley Air carries the burden of establishing its damages for its requested categories of damages.  The defendants may challenge Valley Air's evidence but may not contend that Valley Air incurred no damages because the plane was in the promised condition, as this argument goes to whether the defendants are liable, not the amount of damages owed to Valley Air based on the prior jury's liability findings.  For example, the jury in the first case found that the exterior paint was defective.  If Valley Air presents evidence that it cost $X to repaint the plane, the defendants may cross-examine Valley Air's witness to cast doubt on Valley Air's numbers.  They may not, however, point to the fact that Central Flying stripped and painted the plane so Valley Air is not entitled to any damages based on inadequate painting as, once again, this goes to liability and not damages.

The court also notes that the rulings set forth in this order are preliminary, as Valley Air has not yet presented its case.  The court reserves the right to revisit its rulings as necessary at trial.  The parties are admonished, however, that any requests to deviate from this order (and all other orders issued to date) *must* be raised outside the jury's presence and approved by the court ahead of time.

## STATEMENT